IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD LEE ELLIS, | ] |
| Plaintiff, | ] |
| vs. | ] CV-96-P-2436-S |
| DR. RICHARD COOKSEY, | ] |
| Defendant. | ] |

### MEMORANDUM OPINION

Before the court is the motion for summary judgment filed by the last remaining defendant, Dr. Richard Cooksey, on May 22, 1997. Plaintiff Edward Lee Ellis is an inmate in the Alabama penal system presently incarcerated at the William E. Donaldson Correctional Facility (WEDCF), who originally filed this *pro se* action pursuant to 42 U.S.C. § 1983 on September 17, 1996, alleging that he has been deprived of rights, privileges, or immunities afforded him under the Constitution or laws of the United States of America by various defendants including Dr. Cooksey. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(2), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson,* 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991).

### PROCEDURAL HISTORY

The procedural history of this case is somewhat complex and is worth reviewing briefly.

57

Plaintiff filed his initial complaint on September 17, 1996, naming as defendants Warden Steve Dees, the "CMS Medical Staff," and the Department of Corrections, alleging that the nurses in the infirmary refused to treat him when he put the metal tip of a ball point pen in his ear and could not get it out by himself. As compensation for that alleged constitutional violation plaintiff asked for treatment from a "free world" doctor. On October 18, 1996, the court entered an order dismissing the Department of Corrections as a defendant and ordering plaintiff to amend his complaint to name specifically the individuals he was alleging violated his constitutional rights. Plaintiff was also instructed to include all of his claims in this action and not refer back to his original complaint. Plaintiff filed an amended complaint on November 8, 1996, naming as defendants Warden Steve Dees, Dr. Richard Cooksey and Classification Specialist Edward Harderson, alleging that he had been denied adequate medical treatment for injuries he received in 1993, and denied a transfer to an enemy free institution.[1] As compensation for the alleged constitutional violations, plaintiff asked for declaratory and injunctive relief, as well as, compensatory and punitive damages. Plaintiff did not mention the ear condition in his amended complaint filed on November 8, 1996. Because plaintiff was instructed to include all of his complaints in the amended complaint the allegation concerning the ear problem is not before the court in this lawsuit.

The court conducted an initial screening of plaintiff's complaint pursuant to 28 U.S.C. 1915(a) and determined that Warden Steve Dees and Edward Harderson should be dismissed as defendants on the ground that plaintiff had failed to state a claim against either of them for which

---

[1] Plaintiff also made vague allegations concerning access to the telephone, problems with his mail, problems obtaining food trays, and difficulties gaining access to the law library. The magistrate judge recommended that these claims be dismissed as vague and entered an order to that effect on December 27, 1996.

2

relief could be granted. That recommendation was accepted and defendants Dees and Harderson were dismissed on March 25, 1997.

On March 21, 1997, the plaintiff filed a motion to amend his complaint to add Captain Myers and Lt. Freeman as defendants. The motion was granted on May 12, 1997. Plaintiff complains that these defendants continue to hold him in administrative segregation because he had an enemy in general population. The only relief requested by plaintiff is that he be transferred to another prison where he has no enemies. On May 13, 1997, the magistrate judge entered an order recommending that these defendants be dismissed because plaintiff's failure to state a claim against them. That recommendation was accepted and defendants Myers and Freeman were dismissed on August 8, 1997.

On March 27, 1997, the magistrate judge entered an Order for Special Report directing that copies of the complaint and amended complaint filed in this action be forwarded to Dr. Richard Cooksey, the only remaining defendant, requesting that he file a special report addressing the allegations of the plaintiff's complaint. The court concluded from plaintiff's complaint that he was alleging that Dr. Cooksey had deprived him of adequate medical care. This is the only issue that defendant were ordered to address. By that same order plaintiff was advised he must notify the court within twenty days if the court had misunderstood plaintiff's allegations. The defendant was advised that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to *Rule 56* of the *Federal Rules of Civil Procedure*. By the same Order, plaintiff was advised that after he received a copy of the special report submitted by the defendant he should file counter affidavits if he wished to rebut the matters presented by defendant in the special report. Plaintiff was further advised that

3

such affidavits should be filed within twenty days after receiving a copy of the defendant's special report.

On April 9, 1997, within the time allowed for plaintiff to notify the court of any misunderstanding of plaintiff's claims, plaintiff filed a document which he titled an amended complaint. Plaintiff attempted to add two new defendants to the present case, Infirmary Supervisor Jane Lawrence and Nurse Arthur. The court will consider this document a motion to amend and deny it. To the extent plaintiff was responding to the directions in the order for special report, the attempt to add new defendants and additional claims was non-responsive and will not be considered. To the extent plaintiff has legitimate allegations of a constitutional nature to make against Nurses Lawrence and Arthur he is must file another lawsuit to allege those complaints.

On May 22, 1997, defendant Cooksey filed a special report accompanied by the certified medical records of plaintiff. Thereafter, plaintiff was notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose. Plaintiff was advised of the consequences of any default or failure to comply with *Fed. R. Civ. P. 56. See Griffith v. Wainwright,* 772 F.2d 822, 825 (11th Cir. 1985). Plaintiff has filed a response to the defendant's special report and motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Because the Court is treating the special report from the defendant as a motion for summary judgment, the Court must determine whether the moving party, the defendants, are entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Federal Rule of Civil*

4

*Procedure 56.* In making that assessment, the Court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.,* 929 F.2d. 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Barfield v. Brierton,* 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Bennett v. Parker,* 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [citations omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

## UNDISPUTED FACTS

Taking the allegations and facts most favorably to the plaintiff, the following facts appear to be undisputed. Plaintiff was incarcerated at the William E. Donaldson Correctional Facility at the time he filed this complaint alleging that Dr. Cooksey had denied him adequate medical treatment

5

in violation of the Eighth Amendment. Plaintiff maintains that he suffered severe injuries to his entire right side in 1993 when allegedly assaulted by guards at another prison, causing him to suffer constant pain to this day because he has not received adequate medical treatment. Plaintiff alleges that Dr. Cooksey has denied him a proper examination, x-ray, or G.I. Series and proper medication to cure him.

On May 1, 1996, plaintiff requested emergency medical treatment for shortness of breath and sharp pains in his back. Plaintiff's blood pressure was elevated and Dr. Cooksey was contacted by nurses at the prison infirmary. Dr. Cooksey ordered plaintiff be given Precordia immediately. The medication was given and when plaintiff's blood pressure came down to 140/100 he was released back to DOC with an appointment to see Dr. Cooksey the next day. Dr. Cooksey conducted a physical examination on plaintiff on May 2, 1996. Adjustments were made to plaintiff's medication and he was told to return in one week. An x-ray of plaintiff's spine was taken which was read by radiologist Dr. Howard P. Schiele who reported

> Dorsal spine: The vertebrae are well aligned. Intervertebral disc spaces are well maintained. There is no evidence of fracture, subluxation or destructive bone disease. There is hypertrophic spurring. There are no other significant findings.
> IMPRESSION: THERE IS EVIDENCE OF HYPERTROPHIC SPURRING.

On May 31, 1996, plaintiff was placed in the infirmary for observation because of the difficulty the medical staff was having controlling plaintiff's blood pressure. While in the infirmary he was observed taking the blood pressure medication and there was no problem controlling it. Dr. Cooksey speculated that plaintiff had not been taking the medication as prescribed. Dr. Cooksey noted in the progress notes that the right side pain that plaintiff had been complaining about for two years was not validated on physical examination. Plaintiff was referred for a second opinion

6

regarding the right side pain. The doctor who examined plaintiff on August 8, 1996, noted no muscle spasms, good gait and motor strength. Also he noted that the symptoms were not explainable with physical examination, x-rays, or lab findings. He observed that there was no evidence of fractured ribs on the recent x-ray.

On June 27, 1996, plaintiff reported to the infirmary asking to see a doctor. Dr. Cooksey did not examine plaintiff but reviewed the information gathered by Nurse Arthur and noted "somatic complaints have no organic basis in my opinion." Plaintiff voiced the same complaints in his request for medical treatment on July 1, 1996, July 7, 1996, and July 22, 1996, but on those occasions he refused sick call screening stating that he did not want to see a nurse, he only wanted to see the doctor. On July 29, 1996, plaintiff made the same complaint when he requested medical treatment, then complained about an upset stomach when he eats spicy foods. Plaintiff has also reported to the infirmary emergency services on several occasions complaining about stomach problems and the pain in his side and back. Plaintiff was examined by Dr. Hammack on November 22, 1996, for the complaints of right side pain. Dr. Hammack could find nothing to explain the pain.

## **INADEQUATE MEDICAL TREATMENT**

In order to establish liability under § 1983 for inadequate medical treatment, a prisoner must show that a failure to provide medical treatment amounted to cruel and unusual treatment in violation of the Eighth Amendment. The United States Supreme Court has held that it is only "deliberate indifference to serious medical needs of prisoners which will give rise to a claim of cruel and unusual punishment in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97 (1976). "Medical treatment violates the Eighth Amendment only when it is 'so grossly

7

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991), quoting *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986). The conduct of prison officials must run counter to evolving standards of decency or involve the unnecessary and wanton infliction of pain to be actionable under § 1983. *Bass v. Sullivan,* 550 F.2d 229 (5th Cir.), *cert. denied,* 434 U.S. 864 (1977). Mere negligence is insufficient to support a constitutional claim. *Fielder v. Bosshard,* 590 F.2d 105 (5th Cir. 1979). As stated by the *Estelle* Court, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." 429 U.S. at 106. Therefore, an accidental or inadvertent failure to provide medical care or negligent diagnosis or treatment of a medical condition does not constitute a wrong under the Eighth Amendment. *See Ramos v. Lamm,* 639 F.2d 559 (10th Cir. 1980), *cert. denied,* 450 U.S. 1041 (1981). Neither will a mere difference of opinion between an inmate and the institution's medical staff, as to treatment and diagnosis, alone give rise to a cause of action under the Eighth Amendment. *Smart v. Villar,* 547 F.2d 112 (10th Cir. 1976); *see also Estelle v. Gamble,* 429 U.S. at 106-08. Likewise, the disagreement between two doctors, as to the course of treatment, also does not state a violation of the Eighth Amendment, since there may be several acceptable ways to treat a medical condition. *White v. Napoleon,* 897 F.2d 103, 110 (3rd Cir. 1990).

In *Hamm v. DeKalb County,* 774 F.2d 1567 (11th Cir. 1985), *cert. denied,* 475 U.S. 1096, 106 S. Ct. 1492, 89 L. Ed. 2d 894 (1986), the Eleventh Circuit held that an inmate's dissatisfaction with the medical treatment provided by the prison did not constitute a violation of the Eighth Amendment as long as the treatment provided did not amount to deliberate indifference. The Eighth Amendment is implicated only when the prison doctors or guards intentionally and deliberately deny

8

or delay access to medical attention to serious medical conditions. *Barfield v. Brierton*, 883 F.2d 923, 938 (11th Cir. 1989). Two components must be evaluated to determine whether the plaintiff has been subjected to cruel and unusual punishment. "First, [the court] must evaluate whether there was evidence of a serious medical need; if so, [it] must consider whether [the defendants'] response to that need amounted to deliberate indifference." *Mandel v. Doe,* 888 F.2d 783, 788 (11th Cir. 1989). Clearly, "not every illness or injury invokes the constitutional protection -- only those that are `serious' have that effect." *Evans v. San Quentin State Prison*, 1991 WL 438695, at *1 (N.D. Cal. Apr. 1, 1991), *quoting Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3rd Cir. 1976). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 1000 (1992). In *Estelle,* the Court recognized that medical needs constitutionally requiring medical attention ranged from "the worst cases," producing "physical torture or a lingering death," to "less serious cases," resulting from the "denial of medical care," which could cause "pain and suffering." *Estelle*, 429 U.S. *1187 at 103, 97 S.Ct. at 290. A "serious" medical need has been defined as "one that has either been diagnosed by a physician as requiring medical treatment, `or one that is so obvious that even a lay person would recognize the need for a doctor's attention.`" *Evans*, 1991 WL 43695, at *1, *quoting Laaman v. Helgemoe*, 437 F.Supp. 269, 311 (D.N.H. 1977). *See also Page v. Sharpe*, 487 F.2d 567, 569 (1st Cir. 1973). It is the necessity and not the desirability of medical treatment sought which is important to the determination of whether medical officials have exhibited deliberate indifference. *Woodall v. Foti,* 648 F.2d 268 (5th Cir. 1981).

In his amended complaint plaintiff alleges that he has been denied adequate medical

9

treatment for injuries he received in 1993 and that he is suffering from severe pain down the entire right side of his body and that defendant has failed to diagnose problem and cure him. Plaintiff does not state what injuries he sustained except to say that he has pain in his right side. Plaintiff has been x-rayed, tested, and examined by Dr. Cooksey, Dr. Lyrene, and Dr. Hammack, in response to his complaints, but the cause of the alleged pain has not been found and the only conclusion reached by Dr. Cooksey was that plaintiff needed treatment for high blood pressure, which was treated. There is no indication that plaintiff required any further treatment than the treatment he received. Plaintiff simply disagrees with the treatment he has received because he continues to experience pain. Plaintiff has not provided any evidence to show that the injury he sustained in 1993 resulted in any serious medical needs to which the defendant has been deliberately indifferent. Inasmuch as the plaintiff has failed to dispute with specific facts, the information submitted by Dr. Cooksey regarding the treatment of plaintiff's right side pain, Dr. Cooksey is entitled to summary judgment.

By separate order the court will GRANT Dr. Cooksey's motion for summary judgment and deny the motion to amend to add Nurse Lawrence and Nurse Arthur as defendants.

DATED this the 24th day of September, 1997.

SAM C. POINTER, JR.
CHIEF JUDGE